UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN S. PENFOUND and JILL
L. PENFOUND,

    Appellants,

v.                                                                                                  Case No. 18-13333

DAVID Wm. RUSKIN, CHAPTER 13                                        HON. AVERN COHN
TRUSTEE,

    Appellee.

_____/

# MEMORANDUM AND ORDER
# DENYING APPELLEE'S MOTION TO DISMISS (Doc. 4)[1]

### I. Introduction

This is a Chapter 13 bankruptcy appeal. Appellants John and Jill Penfound ("Debtors") appeal the Bankruptcy Court's order confirming a repayment plan. The plan was agreed to by both the Debtors and Appellee David Wm. Ruskin ("Trustee") after the Bankruptcy Court determined that the Debtors may not exclude their voluntary contributions to their 401(k) retirement plan from the calculation of disposable income.

Before the Court is the Trustee's motion to dismiss on the grounds the Debtors lack standing because they agreed to the plan. For the reasons that follow, the motion will be denied.

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II. Background

On June 22, 2018, the Debtors filed for Chapter 13 bankruptcy protection and submitted a plan that outlined how the Debtors would repay their creditors. On August 6, 2018, the Debtors filled a modified plan that excluded voluntary 401(k) contributions from their disposable income. The disposable income element of the plan is used to calculate the amount of available funds that the Debtors can use to repay their creditors. On August 22, 2018, the Trustee filed an objection to the modified plan, contending that the Debtors' exclusion of their continued retirement contributions was improper.

The Bankruptcy Court held a hearing, and determined that the continuation of voluntary 401(k) contributions could not be excluded from the Debtors' disposable income. The Bankruptcy Court noted that while the Sixth Circuit Court of Appeals held that "voluntary contributions which commenced post-petition were projected disposable income...[,]" the Sixth Circuit never directly held that continuation of pre-bankruptcy petition retirement contributions were also disposable income. (Doc. 4-Exhibit 5-transcript at p. 11, citing In re Seafort, 669 F.3d 662 (6th Cir. 2012)). However, the Bankruptcy Court also relied on the Sixth Circuit's dicta, indicating that it thought continuation of pre-petition 401(k) contributions had to be included in disposable income. (Doc. 4-Exhibit 5-transcript at p. 11-12, citing In re Seafort, 669 F.3d 662 (6th Cir. 2012)). The Bankruptcy Court also relied on a case from this district which, relying on In re Seafort, held that "the Debtors cannot exclude their voluntary post-petition retirement contributions in any amount for the purposes of calculating their disposable income." (Doc. 4-Exhibit 5-transcript at p. 13-14, citing In re Rogers, 12-32558 (2012)). The Bankruptcy Court then denied the Debtors' plan because the Debtors' 401(k)

contributions were excluded from their disposable income.

After the Bankruptcy Court announced its ruling, the Debtors indicated that they wanted to proceed to confirmation of the modified plan based on the Bankruptcy Court's ruling. (Doc. 4-Exhibit 5-transcipt at p. 16). Since the valuation of the retirement contributions were less than the amount needed to make the five-year plan a 100% plan (where the Debtors would payback 100% of their debt), the Debtors agreed to modify the plan to make it a 100% plan. Thereafter, the Trustee asked the Bankruptcy Court to confirm the plan with the provision that payment would be increased to the lesser of either: (i) the amount to make the Debtors' plan a 100% plan or (ii) the amount of voluntary retirement contributions. The Bankruptcy Court agreed, and charged the parties to work out the exact verbiage of the order.

At the end of the hearing, the Bankruptcy Court indicated that the issue was interesting and "may have to be revisited with the Sixth Circuit." (Doc. 4-Exhibit 5-transcipt at p. 18). The Bankruptcy Court further stated, "if you were to appeal me, I would not be the least bit offended. I think I've got it right, but this is an issue that the Circuit law remains all over the place…." Afterward, counsel for the Trustee clarified the appellate impact of the Debtors' agreement to the plan. In relevant part, Trustee's counsel stated:

> Judge, just for the sake of the record, I understand the Court had denied confirmation of the plan, and [Debtors' counsel] has agreed to amend the plan…through the confirmation order, to accommodate the Court's ruling, **but for appellate purposes I do not think that [Debtors' counsel] is agreeing with the Court's ruling or waiving his right to appeal**. And I just want to make sure the record is clear on that because if he truly concedes, that might impact an appellate right if he decides to appeal.

(Doc. 4-Exhibit 5-transcript at p. 19) (emphasis added). In response to Trustee's

counsel abovementioned statement, the Bankruptcy Court agreed that "the record should reflect that…[Debtor's counsel] just agreed to make the plan a 100 percent plan, but haven't waived,…should you decide you want to appeal." Id. at 20.

A day after the Bankruptcy Court's order confirming the plan was signed, the Debtors filled an appeal.

### III. Standard of Review

"On appeal from the judgment of the bankruptcy court, a district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard but reviews de novo the bankruptcy court's conclusions of law." In re Isaacman, 26 F.3d 629, 631 (6th Cir. 1994).

### IV. Legal Standards

#### A. Standing-Generally

To have standing, three elements are required. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61(1992). These three elements are:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularize…(b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly ... traceable to the challenged action of the defendant, and not ... the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Id. (internal citations and quotations omitted).

#### B. Standing in Bankruptcy Appeal

In a bankruptcy appeal, the "appellant must have been directly and adversely affected pecuniarily by the order." In re Morton, 410 B.R. 556, 561 (B.A.P. 6th Cir. 2009) (internal citations and quotations omitted). In other words, "a party may only

appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights." Id. This standard is narrower than Article III standing. Id. (internal citations omitted).

## V. Analysis

### A. Parties' Arguments

The Trustee argues that the Debtors do not have standing to appeal the Bankruptcy Court's confirmation order because the Debtors consented to the confirmation order. Citing case law spanning over a century, the Trustee argues that longstanding precedent prohibits a party to appeal an order where the party consented. As a result, the Trustee argues the Debtors are not an aggrieved party and lack standing.

The Debtors contend that the case law that the Trustee relies on is inapplicable to this case. The Debtors argue that this case involves a court ruling, when the Trustee cited case law involves stipulations and other consents that lack a previous court ruling. Moreover, the Debtors claim that the Trustee's clarification of their right to appeal in the hearing is a judicial admission since the clarification was deliberate, clear, and unambiguous. As a result, because the Trustee "admitted" the Debtors' appeal rights, their right to appeal is preserved.

### B. Discussion

#### 1. The Debtors Are an Aggrieved Party

Under 28 U.S.C. 158, the basis that the Debtors assert their appeal, a district court has jurisdiction "to hear appeals…from final judgment, orders, and decrees... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy

judges…." In 2015, a unanimous Supreme Court held that "[a]n order denying confirmation is not final, so long as it leaves the debtor free to propose another plan." Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015).  In fact, the Supreme Court stated that "only plan confirmation-or case dismissal-alters the status quo and fixes the rights and obligations of the parties[]" that is required in to assert an appeal on the finality basis of Section 158.  Id.  In other words, a confirmation plan confirmed by a bankruptcy court can be appealed on the finality basis of Section 158.  Moreover, because all Chapter 13 confirmation plans are presented by the debtor, the debtor is consenting to the confirmation plan ipso facto.  In addition, because plan confirmation "alters the status quo and fixes the rights and obligations of the parties," the Debtors are an aggrieved party.  Therefore, the Trustee's argument that a consented confirmation plan is not appealable is rejected based on Bullard.

While the Supreme Court in Bullard mentions several interlocutory review processes, as another basis for relief after a bankruptcy court denies a confirmation plan, there was no interlocutory appeal in this case.  Further, in this case-where the Bankruptcy Court explicitly stated that the Debtors did not waive their right to an appeal after the Debtors agreed to a new plan-the absence of an interlocutory appeal should not bar the Debtors from asserting an appeal based on the final confirmation order.

2. The Swift Standard Does Not Apply

The Trustees rely heavily on Swift & Co. v. United States, 276 U.S. 311 (1928) and subsequent case law to argue that the Debtors cannot appeal from an order to which they agreed.  In Swift, the Supreme Court indicated that "a decree, which appears by the record to have been rendered by consent is always affirmed, without considering

the merits of the cause." Id. at 324, quoting Nashville, Chattanooga & St. Louis Ry. Co. v. United States, 113 U. S. 261, 266 (1885).

Here, however, it is apparent from a review of the transcript of the hearing that all parties and the Bankruptcy Court believed that the Debtors' consent to plan confirmation did not waive any of their appellate rights. As noted above, the Trustee's counsel stated, "for appellate purposes I do not think that [Debtors' counsel] is agreeing with the Court's ruling or waiving his right to appeal." (Doc. 4-Exhibit 5-transcript at p. 18-19). In response, the Bankruptcy Court agreed and stated, "the record should reflect that…[Debtor's counsel] just agreed to make the plan a 100 percent plan, but haven't waived,…should you decide you want to appeal." Id. at 20. The Debtors' counsel then said "Thank you." Id. Both parties and the Bankruptcy Court were on the same page regarding the preservation of the Debtors' appellate rights. Contrary to the Trustee's argument, the Debtors did not need to reaffirm that their appellate rights were preserved. They were preserved.

### 3. The Doctrine of Judicial Admission Does Not Apply

In their judicial admissions argument, the Debtors confuse facts of the case and the fact that Trustee's counsel clarified Debtors' appellate rights. Judicial admissions are voluntary waivers that explicitly concede an alleged fact. See MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997), quoting United States v. Belculfine, 527 F.2d 941, 944 (1st Cir. 1975) ("Because of their binding consequences, judicial admissions generally arise only from deliberate voluntarily waivers that expressly concede ... an alleged fact....").

Here, the fact that Trustee's counsel supposedly "admitted" was the Debtors'

right to appeal. But the Debtors' appellate rights were not an alleged fact in the bankruptcy itself. In an ordinary dictionary context, a fact is "an actual occurrence." The Trustee's clarification of Debtors' appellate rights is an actual occurrence, but it is not an alleged fact. Thus, the doctrine of judicial admissions does not apply.

## VI. Conclusion

The Debtors' right to appeal was preserved in the Bankruptcy Court. Trustee's motion to dismiss is DENIED. The appeal will move forward. The parties shall file the appropriate briefs as provided for under the rules.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 2/20/2019  
      Detroit, Michigan