UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN S. PENFOUND and JILL
L. PENFOUND,

    Appellants,

v.    Case No. 18-13333

DAVID Wm. RUSKIN, CHAPTER 13    HON. AVERN COHN
TRUSTEE,

    Appellee.

_____/

# MEMORANDUM AND ORDER
# AFFIRMING THE DECISION OF THE BANKRUPTCY COURT[1]

I. Introduction

This is a Chapter 13 bankruptcy appeal. Appellants John and Jill Penfound (Debtors) appeal the bankruptcy court's order confirming a repayment plan. Specifically, the Debtors challenge the bankruptcy court's determination that Debtors may not exclude their voluntary post-petition contributions to their 401(k) retirement plan from the calculation of disposable income. The Trustee, as Appellee, contends that the Debtors' payments to their 401(k) are considered part of disposable income. The Court agrees based on its reading of relevant Sixth Circuit law. Accordingly, the decision of the bankruptcy court is AFFIRMED.

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II. Background

Debtors filed for Chapter 13 bankruptcy on June 22, 2018. Line 5(c) of Debtors' Schedule I reflects a voluntary contribution to John Penfound's 401(k) retirement account in the amount of $1,375.01 per month. John Penfound has been employed at Laird Technologies, Inc. since May 7, 2018. He previously worked at Protodesign, Inc. from August 2017 to March 2018. Prior to Protodesign, John Penfound worked at Jabil/Iqor from 1993 to 2017. During his tenure at Laird and Jabil/Iqor, he always contributed to his 401(k) retirement accounts; Protodesign did not offer a retirement plan. John Penfound is 54 years old and intends on retiring at age 62 – approximately three (3) years after the expiration of his Chapter 13 Plan. It has always been his intention to continue making voluntary contributions to his retirement account.

On August 6, 2018, Debtors filed a First Amended Chapter 13 Plan. The Plan proposed a payment of $513.30 bi-weekly over sixty (60) months with a minimum dividend to Class 9 general unsecured creditors in the amount of $22,175.56, or approximately 5.5% of the unsecured claims. The Plan also deducted Debtors' voluntary monthly contribution to John Penford's 401(k) plan in the amount of $1,375 from disposable income. The Trustee objected to Debtors' exclusion of their voluntary retirement contributions because it would place approximately $82,000 out of the reach of unsecured creditors.

The bankruptcy court concluded that based on relevant case law, particularly In re: Seafort, 669 F.3d. 662 (6th Cir. 2012); and In re: Rogers, Case No. 12-32558 (Bankr. E.D. Mich. Oct. 15, 2012) (unpublished), the Debtors may not exclude voluntary contributions to their 401(k) retirement plan from the calculation of disposable income.

The Bankruptcy Court further held that the retirement contributions must be paid into the Debtors' First Amended Plan. Debtors subsequently requested confirmation with a payment increase to comply with the court's ruling. The confirmation order increased Debtors' Plan payment from $513.30 biweekly to $1,147.92 bi-weekly effective October 18, 2018 with a step payment increase to $1,714.62 bi-weekly effective September 1, 2020.[2]

III. Legal Standard

On appeal to the district court from an order of the bankruptcy court, "the district court is required to review the bankruptcy court's legal conclusions de novo and review factual questions on a clearly erroneous standard." In re Araj, 371 B.R. 240, 241 (E.D. Mich. 2007) (citing In re Burns, 322 F.3d 421, 425 (6th Cir. 2003)); In re Made in Detroit, 414 F.3d 576, 580 (6th Cir. 2005).

IV. Discussion

A.

The term "disposable income" is defined in relevant part as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended . . . for the maintenance and support of the debtor." 11 U.S.C. § 1325(b)(2)(A)(i). If a debtor has an above median monthly income, the "amounts reasonably necessary to be expended" is determined by the "means test" set forth in § 707(b)(2). 11 U.S.C. § 1325(b)(3).

---

[2] After the Debtors filed their appeal, the Trustee moved to dismiss on the grounds that Debtors lacked standing because they agreed to the plan. The Court denied the motion, finding that Debtors preserved their right to appeal. (ECF Doc. No. 10).

3

The bankruptcy court held that the Debtors voluntary post-petition retirement contributions are not deducted from disposable income and are therefore included in the calculation of "projected disposable income" available to pay creditors. As noted above, the bankruptcy court relied primarily on two cases: In re: Seafort and In re: Rogers.

In Seafort, the Sixth Circuit considered whether income that becomes available after a debtor repays a 401(k) loan during the plan period is "projected disposable income" to be paid to unsecured creditors or whether the income can be used to begin making voluntary contributions to the debtors' 401(k) plans and deemed excludable from both disposable income and property of the estate under 11 U.S.C. § 541(a)(1)[3] and (b)(7).[4]

The Sixth Circuit first discussed the "competing views" regarding voluntary

---

[3]This section provides:
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

[4]This section provides in pertinent part:
(b) Property of the estate does not include—
. . . .
(7) any amount—
(A) withheld by an employer from the wages of employees for payment as contributions—
(i) to—
(I) an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act of 1974 or under an employee benefit plan which is a governmental plan under section 414(d) of the Internal Revenue Code of 1986;

. . .
except that such amount under this subparagraph shall not constitute disposable income as defined in section 1325(b)(2); or

retirement contributions, stating:

> The first view, adopted by the BAP majority in this case, reads §§ 541 and 547(b)(7) as limiting voluntary retirement contributions to those amounts being made as of the petition date (hereinafter referred to as the "BAP majority" or "Seafort majority").  The second view, typified by the Johnson decision [In re Johnson, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006) ] holds that all voluntary retirement contributions, both pre- and post-petition, are permitted under § 541(b)(7), limited only by the good faith requirement of § 1325(a)(3).  A third view, articulated in In re Prigge, 441 B.R. 667 (Bankr. D. Mont. 2010), holds that § 541(b)(7) does not permit post-petition voluntary retirement contributions in any amount regardless of whether the debtor was making pre-petition retirement contributions.

Seafort, 669 F.3d at 667.  Adopting the view in Prigge, supra, the Sixth Circuit held that income made available once a debtor's 401(k) loan repayments are fully repaid may not be used to make voluntary retirement contributions.  Rather, those funds must be committed to the debtor's Chapter 13 plan for distribution to unsecured creditors.  The Sixth Circuit explained the differences in the treatment of 401(k) contributions and 401(k) loan repayments:

> The easy inference is that Congress did not intend to treat voluntary 401(k) contributions like 401(k) loan repayments, because it did not similarly exclude them from "disposable income" within Chapter 13 itself. See § 1322(f) (stating that "any amounts required to repay such loan shall not constitute 'disposable income' under section 1325"). See McCullers, 451 B.R. at 503–04; Prigge, 441 B.R. at 677. Congress also does not consider voluntary contributions as "reasonable and necessary expense[s]" deductible from "disposable income," see § 1325(b)(3), because it did not list them in § 707(b)(2)(A) & (B). In fact, it expressly excluded them from the list of "necessary expenses" in Official Form 22C, which provides the formula for calculating "reasonable and necessary expenses" of above-median income debtors. See Official Form 22C, Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, line 31 (Dec. 2010). See generally Lanning, 130 S. Ct. at 2470 n. 2 ("The formula for above-median-income debtors is known as the 'means test' and is reflected in a schedule (Form 22C) that a Chapter 13 debtor must file."); Baud, 634 F.3d at 333–34. Line Item 31, entitled "Other Necessary Expenses: involuntary deductions for employment," unequivocally instructs that in calculating "Deductions from Income" the above-means Chapter 13 debtor may "[e]nter the total average monthly deductions that are required for your

5

> employment, such as mandatory retirement contributions.... Do not include discretionary amounts, such as voluntary 401(k) contributions." Official Form 22C, line 31. See generally Prigge, 441 B.R. at 677 (observing that the IRS guidelines state that voluntary retirement contributions are not a necessary expense).
>
> Notwithstanding, § 541(b)(7) must provide some sort of protection for voluntary retirement contributions in Chapter 13 cases, because it says that such contributions "shall not constitute disposable income as defined in section 1325(b)(2)." § 541(b)(7) (the so-called "hanging paragraph"). But Congress said this in the larger context of § 541(a)(1). As the McCullers court pointed out, "[t]his structure suggests that section 541(b)(7) excludes from property of the estate only property that would otherwise be included in the estate under section 541(a). Thus, the most natural reading of section 541(b)(7) is that it excludes from property of the estate only those contributions made before the petition date." McCullers, 451 B.R. at 503–04. To this extent, we think the BAP majority properly read §§ 541(a)(1) and (b) together, as defining "property of the estate" by what is included and excluded at a fixed point in time—as of commencement of the bankruptcy case. We agree with McCullers that for this reason, the Johnson line of cases are not persuasive because they do not read § 541(b)(7) within the larger context of § 541 as a whole.
>
> We find it is also significant that Congress placed the "disposable income" exception for voluntary retirement contributions within the confines of § 541(b)(7), rather than in Chapter 13 itself. Like the McCullers court, we think that "the most natural reading of section 541(b)(7) is that it excludes from property of the estate only those contributions made before the petition date" as "indicated by its specifying the contributions excluded from property of the estate and then stating that 'such amount' shall not constitute disposable income." McCullers, 451 B.R. at 503–04. Furthermore, as the McCullers court observed, the term "except that" in the hanging paragraph was designed simply to clarify that the voluntary retirement contributions excluded from the property of the estate are not post-petition income to the debtor. McCullers, 451 B.R. at 504–05. Restated, the function of § 541(b)(7) was merely to clarify that pre-petition retirement contributions do not constitute property of the estate or post-petition disposable income. See Prigge, 441 B.R. at 677 & n. 5 (citing Collier on Bankruptcy). Here, the BAP majority's reasoning fell short because it did not take into account the words "except that such amount" at the beginning of the hanging paragraph excluding retirement contributions from disposable income.

Seafort, 669 F.3d at 672-73.

Significantly, the Sixth Circuit concluded, "based on the language and structure of Chapter 13, incorporating § 541, that Congress intended to exclude from disposable

income and projected disposable income available for unsecured creditors only voluntary retirement contributions already in existence at the time the petition is filed."

Id. at 674. And most significantly, is what the Sixth Circuit said in a footnote:

> **The trustee "concedes" that if a debtor is making voluntary retirement contributions when the bankruptcy petition is filed, such continuing contributions may be excluded from disposable income. We do not agree with this assertion, for the reasons stated in Prigge. However, our view is not relevant here, because this issue is not presently before us.**

Seafort, supra at 674 n. 7 (emphasis added).

Debtors are correct that the footnote is dicta. However, it is very persuasive dicta. As the bankruptcy court in Rogers observed in addressing the same issue:

> Although the Sixth Circuit Court of Appeals made it clear that its holding in Seafort would not be binding with regard to the issue presently before this Court, it gave very clear direction and guidance on the issue. While this footnote is dicta, the clear intent of this footnote is to give direction to lower courts. Given this direction and not seeing any reason to deviate from the direction stated in the footnote, this Court agrees with the reasoning of the Sixth Circuit Court of Appeals in Seafort and, therefore, concludes that the Debtors cannot exclude their voluntary post-petition retirement contributions in any amount for the purposes of calculating their disposable income.

Rogers, supra at p. 6.

The Court agrees with the bankruptcy court's observation and conclusion in Rogers. Although the Sixth Circuit did not address the precise issue here, it clearly indicated its position on the issue. The bankruptcy court was correct to rely on Seafort and Rogers[5] in concluding that Debtors' voluntary post-petition contributions to a 401(k) account are part of disposable income. While the Debtors argue this finding is contrary to the bankruptcy code and urge a different view, the Court is bound by Seafort. In

---

[5]The Debtors in Rogers did not appeal.

other words, Debtors' argument is properly addressed to the Sixth Circuit.

B.

In their reply brief, Debtors raise a second assignment of error, contending that there was insufficient evidence in the record for the bankruptcy court to conclude that their voluntary retirement contributions are not reasonably necessary expenses. Notably, Debtors did not raise this issue in their main brief nor did not ask the bankruptcy court for an evidentiary hearing. Putting any waiver issues aside, the bankruptcy court said the following in finding that the retirement contributions were not reasonably necessary expenses:

> Debtors both have good jobs. Schedule I states that even after the deduction of the monthly 401(k) contributions, Debtors' monthly net income is $9,615.08. Debtor John Penford is 54 and his Schedule B states the debtors have already saved $517,075 in IRS accounts and 401(k) accounts. Debtors' standard of living will not be impacted if they are required to include the monthly voluntary contributions of $1,375 to their Plan of Reorganization. If Debtors contribute that amount to their plan over 16 months they will contribute an additional $82,500 to their Creditors. On the other hand, if Debtors are allowed to continue their voluntary contributions to their 401(k) plan, they will effectively keep $82,500 for their own personal use.
> This Court concludes that Debtors' voluntary contributions to their 401(k) plan are not an expense which is necessary for the maintenance, support of Debtor or Debtors' dependents. Therefore, the voluntary contributions are not excludable from their disposable income ...

Debtors do not contest the evidence the bankruptcy court relied on nor do they state what additional evidence the bankruptcy court failed to consider. Debtors do take issue with the Trustee's argument that Debtors have equity in their home and an investment property, stating they equity amount is minimal, but they fail to explain how the bankruptcy court erred in its finding. The Court finds no error in the bankruptcy court's factual determination based on Debtors own schedules that the voluntary

8

retirement contributions are not reasonable necessary expenses.

SO ORDERED.

                                                  S/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

Dated: 9/20/2019
       Detroit, Michigan